

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 7, 2012

The Honorable Harvey Hilderbran
Chair, Ways and Means Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0924

Re: Evidence that must be submitted with regard to an application for a residence homestead exemption under section 11.43, Tax Code (RQ-1008-GA)

Dear Representative Hilderbran:

You ask seven questions related to Tax Code section 11.43 and the items that must be included with an application for a residence homestead exemption.[1] Article VIII, section 1-b, of the Texas Constitution and section 11.13 of the Tax Code authorize various types of political subdivisions to grant residence homestead exemptions from ad valorem taxation. TEX. CONST. art VIII, § 1-b; TEX. TAX CODE ANN. § 11.13 (West 2008). Tax Code section 11.43 enumerates specific information and documentation that must be provided by an applicant seeking an exemption.[2] TEX. TAX CODE ANN. § 11.43 (West Supp. 2011). In relevant part, section 11.43 provides:

> (j)   In addition to the items required by Subsection (f), an application for a residence homestead exemption prescribed by the comptroller and authorized by Section 11.13 must:
>
> . . . .
>
> (4)   include a copy of the applicant's driver's license or state-issued personal identification certificate and:
>
> (A)   a copy of the applicant's vehicle registration receipt;
> or

---

[1]Letter from Honorable Harvey Hilderbran, Chair, House Comm. on Ways & Means, to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Oct. 19, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]The Eighty-second Legislature amended Tax Code section 11.43 to include additional documentation requirements to prove the existence of a residence homestead under Tax Code section 11.13. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 221, §§ 1, 3, 2001 Tex. Gen. Laws 795, 795–96.

          (B)   if the applicant does not own a vehicle, an affidavit to that effect signed by the applicant and a copy of a utility bill for the property subject to the claimed exemption in the applicant's name[.]

. . . .

(n)   A chief appraiser may not allow an exemption provided by Section 11.13 unless:

          (1)   the address on the driver's license or state-issued personal identification certificate provided by the applicant under Subsection (j) corresponds to the address on the applicant's vehicle registration receipt or utility bill provided under that subsection; and

          (2)   the address indicated in Subdivision (1) corresponds to the address of the property for which the exemption is claimed.

*Id.* § 11.43(j)(4), (n)(1)–(2) (West Supp. 2011).

Because the answer to your first and second questions will depend, in part, on the answer to your third, we address that question at the outset. Your third question asks whether a driver's license, personal identification certificate or motor vehicle registration receipt issued by another state could be used to meet the requirements of section 11.43. Request Letter at 2. Subsection 11.43(f) explains that "'[d]river's license' has the meaning assigned that term by Section 521.001, Transportation Code," and "'[p]ersonal identification certificate' means a certificate issued by the Department of Public Safety." TEX. TAX CODE ANN. § 11.43(f) (West Supp. 2011). Transportation Code section 521.001 defines driver's license as "an authorization issued by the department for the operation of a motor vehicle," and it defines "[d]epartment" as "the Department of Public Safety." TEX. TRANSP. CODE ANN. § 521.001(a)(1-a), (3) (West Supp. 2011). For purposes of the Transportation Code, "'Department of Public Safety' means the Department of Public Safety of the State of Texas." *Id.* § 1.004 (West 2011). Thus, only a driver's license or personal identification certificate issued by this state may be used to meet the requirements of subsection 11.43(j)(4).

Your third question also asks about a receipt for a motor vehicle registration issued by another state. Request Letter at 2. While subsection 11.43(j)(4) requires an applicant to produce a copy of a "vehicle registration receipt" or alternative documentation, section 11.43 does not further define vehicle registration receipt. TEX. TAX CODE ANN. § 11.43 (West Supp. 2011). However, as you explain in your letter to this office, the Legislature required that the owner of a motor vehicle apply for registration of a vehicle to the Department of Public Safety within thirty days of becoming a resident of this state. TEX. TRANSP. CODE ANN. § 502.040(a)–(b) (West Supp. 2011). Once a vehicle is registered, the Department of Public Safety is required to issue a "registration receipt." *Id.* § 502.057. Given these requirements and the framework of subsection 11.43(j)(4), we believe

the Legislature intended that an applicant include a copy of the applicant's vehicle registration receipt issued by this state to satisfy subsection 11.43(j)(4)(A).

Returning to your first question, you ask whether "federal law permit[s] military personnel stationed in Texas to receive a residence homestead exemption in this state without the need of a Texas driver's license or Texas-issued identification card?" Request Letter at 2. Your second question relatedly asks whether "[i]n the case of a member of the military stationed in Texas, is a driver's license or identification issued by another state or by a federal agency showing the address for which a Texas homestead exemption is sought sufficient to meet the new requirements of Tax Code Section [11.43]." *Id.* As we discussed above, the Legislature requires that an individual produce a driver's license or personal identification certificate issued by this state in order to comply with subsection 11.43(j)(4). Further, your request letter does not cite any specific federal law that would allow military personnel to avoid compliance with the requirements of subsection 11.43(j)(4). While certain provisions of the federal Servicemembers Civil Relief Act ("SCRA") may provide some tax relief to military personnel, we find nothing in that Act or any other federal authority of which we are aware that would exempt military personnel from the requirements of subsection 11.43(j)(4). *See* 50 App. U.S.C.A. §§ 501-597b (1990 & Supp. 2011).

Your fourth question asks whether the chief appraiser may grant an exemption "if, due to the fact the property owner resides at an address to which mail is not delivered by the Post Office, the applicant submits a driver's license or state-issued identification card that bears a Post Office box address or 911 - Emergency Services Address?" Request Letter at 2. The Department of Public Safety's rules require that a "Texas residence address" be used for a driver's license or identification certificate, and the Department may require "proof satisfactory . . . to establish the Texas residence provided." 37 TEX. ADMIN. CODE § 15.25(1) (2011) (Tex. Dep't of Pub. Safety-Driver License Rules). The rules further state that "[i]f there is no mail delivery at the [residence address], then a post office box number or other mailing address must be shown *in conjunction with* the Texas residence address provided." *Id.* § 15.25(3) (emphasis added). A "post office box number may only be listed in addition to a Texas residence." *Id.* § 15.25(6). Thus, the Department of Public Safety's rules prohibit the hypothetical you posit from occurring.

Your fifth question asks, "[i]f the homestead exemption applicant is a non-documented alien who is in the United States illegally, may the chief appraiser grant a homestead exemption if the applicant can produce neither a driver's license or state-issued identification card bearing the applicant's name and address for which the exemption is sought?" Request Letter at 2. The Legislature has made it clear that in order to receive a homestead exemption, an applicant "must . . . include a copy of the applicant's driver's license or state-issued personal identification certificate" along with the other required documentation. TEX. TAX CODE ANN. § 11.43(j)(4) (West Supp. 2011). Thus, the chief appraiser is prohibited from granting a homestead exemption to an individual who does not possess a driver's license or a state-issued identification certificate.

Your final question asks, "[i]f the applicant submits a driver's license, state-issued identification card, or vehicle registration receipt which is expired, may the chief appraiser still grant

the exemption application?" Request Letter at 2.[3] The Transportation Code establishes when a driver's license, identification certificate or vehicle registration expires.[4] However, it does not define the term "expired," and we therefore construe the term according to its plain and common meaning. *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex. 2011). The common definition of "expire" is to "cease to be valid." NEW OXFORD AMERICAN DICTIONARY 598 (2001). When a document is no longer valid, it may not be used as current proof of the fact for which it is purportedly being used. Thus, the chief appraiser may not grant an exemption based on an expired driver's license, state-issued identification certificate or vehicle registration receipt.[5]

---

[3]We note that a statutory exception exists for certain military personnel. "[A] driver's license issued by this state that is held by a person who is on active duty in the armed forces of the United States and is absent from this state, notwithstanding the expiration date of the license, remains valid while the person is absent from this state." TEX. TRANSP. CODE ANN. § 521.028(a) (West 2007). Thus, nothing in this opinion should be construed as precluding active duty military personnel absent from this state from using an expired license to comply with Tax Code section 11.43.

[4]*See id.* §§ 521.101(f) (West Supp. 2011) (explaining that the Department of Public Safety determines the date on which personal identification certificates expire), .271 (explaining general expiration of driver's license), .2711 (explaining expiration of driver's license for individuals over age 85); *see also* 37 TEX. ADMIN. CODE § 15.30(a) (2011) (Tex. Dep't of Pub. Safety-Identification Certificates) (explaining expiration of personal identification certificates).

[5]Your sixth question asks, "[i]f the homestead exemption applicant has an expired Texas Driver's License, but no registered vehicle in his/her name and their utilities are in the name of a relative, may the chief appraiser grant the exemption?" Request Letter at 2. Because we conclude that an expired driver's license may not be used to obtain an exemption, we need not further address this question.

## S U M M A R Y

Only a driver's license, personal identification certificate or vehicle registration receipt issued by this state may be used to meet the requirements of Tax Code subsection 11.43(j)(4).

We do not find any federal authority that would exempt military personnel from compliance with the documentation requirements of Tax Code subsection 11.43(j)(4).

The Legislature has prohibited a chief appraiser from granting a homestead exemption to an individual that does not possess a driver's license or a state-issued identification certificate.

A chief appraiser may not grant a residence homestead exemption based on an expired driver's license, state-issued identification certificate or vehicle registration receipt.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee